UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:15-cv-62117-MGC

**DENISE PAYNE,**

      **Plaintiff,**
**v.**

**OFFICE DEPOT, INC.,**

      **Defendant.**
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL

Plaintiff, Denise Payne and Defendant, Office Depot, Inc., pursuant to S.D. Fla. L. R 16.2(f) and Fed. R. Civ. P. 41(b), jointly move for the entry of an Order approving the parties' attached Settlement Agreement and, only upon condition of such court-approval, then otherwise ordering that this action be dismissed with prejudice.

Plaintiff initiated this suit for injunctive relief under the Americans with Disabilities Act ("ADA"). Plaintiff alleged there were architectural barriers existing at Defendant's retail store that constitute violations of the Americans with Disabilities Act and that unlawfully limited the Plaintiff's access to the store. Defendant denies the allegations of the Plaintiff's Complaint and has raised defenses to Plaintiff's claim. However, the parties have nevertheless reached an agreement to voluntarily resolve all of the issues raised in the litigation as reflected in the attached Settlement Agreement. Accordingly, the parties now move for the entry of their proposed Order approving the settlement and, only upon condition of such court-approval, then otherwise ordering that this action be dismissed with prejudice.

Particularly in litigation arising under Title III of the ADA, there is a clear policy in favor of encouraging and approving settlements. *See e.g., Assoc. for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457 (S.D. Fla. 2002); *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, 197 F.R.D. 522 (S.D. Fla. 2000). Thus, where judicial approval of settlements is sought or required, the Court's approval should be given so long as the settlement is fair, adequate and reasonable, and is not the product of collusion between the parties. *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984).

In this case, the Court should approve the parties Settlement Agreement. Defendant has agreed to address numerous issues raised by Plaintiff to provide greater accessibility for disabled patrons, even though disputing the allegations that the store was otherwise inaccessible or that such modifications are required or "readily achievable," and no such finding of liability has been made. Moreover, the settlement reached is the most efficient and effective means to allow Plaintiff and others similarly situated, continued access to the store. In addition, the Settlement Agreement provides a simple scheme for addressing any additional or similar issues that might arise in the future.

The Settlement Agreement is also reasonable. The Settlement Agreement was reached after inspections of the premises by each side and arms-length negotiations between counsel experienced in ADA Title III matters. The Settlement Agreement also provides the greatest degree of uniformity in maintaining consistent solutions to accessibility and modification issues at the store. Finally, the Settlement Agreement avoids the risks inherent in further litigation for both sides, the costs of continuing the litigation, and the delay in achieving such results. In light of the benefits to the parties offered by the Settlement Agreement, as opposed to the expense, delay and risk entailed in further litigation, it is respectfully submitted that the Court should

approve the Settlement Agreement.

WHEREFORE, the parties jointly request the Court to review their Settlement Agreement and enter their proposed Order approving the Settlement Agreement and, if such approval is given, then otherwise dismissing this action with prejudice.

Pursuant to S.D. Fla. L.R. 7.1(A)(2) and the Southern District's CM/ECF filing procedures, a proposed Order has been electronically submitted to the Court in Word format.

DATED this 2nd day of December, 2015           Respectfully submitted,

*/s/ John P. Fuller*                                              */s/ Courtney B. Wilson*
John P. Fuller, Esq.                                           Courtney B. Wilson, Esq.
Florida Bar No. 276847                                    Florida Bar No: 0614580
Email: jpf@fullerfuller.com                              Email: cwilson@littler.com
FULLER, FULLER & ASSOCIATES, P.A.     LITTLER MENDELSON, P.C.
12000 Biscayne Blvd, Suite 502                      Wells Fargo Center
North Miami, FL 33181                                   333 SE 2nd Avenue, Suite 2700
Telephone: (305) 891-5199                             Miami, FL 33131
Facsimile: (305) 893-9505                              Telephone: (305) 400-7500
                                                                          Facsimile: (305) 603-2552
*COUNSEL FOR PLAINTIFF*
                                                                          *COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or *pro se* parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Courtney B. Wilson*
Courtney B. Wilson, Esq.

## SERVICE LIST

John P. Fuller, Esq.
Florida Bar No. 276847
E-mail:  jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel:  (305) 891-5199
Fax:  (305) 893-9505

*COUNSEL FOR PLAINTIFF, DENISE PAYNE*

Courtney B. Wilson, Esq.
Florida Bar No. 0614580
E-Mail: cwilson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Tel:  (305) 400-7500
Fax:  (305) 675-8497

*COUNSEL FOR DEFENDANT, OFFICE DEPOT, INC.*

Firmwide:137122504.1 063095.1114