UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:15-cv-62117-MGC

DENISE PAYNE,

    Plaintiff,

v.

OFFICE DEPOT, INC.,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), is entered into by and between Plaintiff, Denise Payne and Defendant, Office Depot Inc., on the date last executed below ("Effective Date").

WHEREAS, Defendant, Office Depot Inc. is the lessee of the property located at 4901 Sheridan St., Hollywood, Florida, 33021, (hereinafter collectively referred to as "the Premises"), and operates an Office Depot retail store on the Premises; and

WHEREAS, Plaintiff has sued Office Depot and claimed that there are architectural barriers existing at the Premises that constitute violations of the Americans with Disabilities Act as amended ("ADA"), that unlawfully limit Plaintiff's access to the Premises ("Lawsuit");

WHEREAS, Office Depot has denied the allegations in the Lawsuit and raised defenses thereto; and

NOW THEREFORE, the Parties wishing to mutually resolve all matters in dispute, and without any admission of liability or wrongdoing, have agreed to the following terms and

conditions:

### A. Modifications to the Premises

Office Depot agrees to examine the Premises as necessary to determine whether the violations identified in Paragraph 9 of the Complaint exist and to make appropriate changes if such violations exist within twenty-four (24) months of the Effective Date of this Agreement.

The examination and any required alterations by Office Depot will completely resolve all of Plaintiff's claims for injunctive relief in the Lawsuit. Plaintiff expressly waives any claims for any further alterations to the Premises that could have been brought prior to the Effective Date of this Agreement.

In the event that Plaintiff believes at any time in the future that any conditions at the Premises constitute a violation of the accessibility requirements of Title III of the Americans with Disabilities Act ("ADA") or contends that there has been a failure to comply with any other terms of this Agreement, Plaintiff's counsel shall provide written notice to Defendant's counsel detailing the claimed violation(s) or breach(es). Defendant shall thereafter have ninety (90) days to cure such alleged violation or breach.

Should Defendant's and Plaintiff's counsel disagree as to any potential modification or as to any other provision of this Agreement, the matter will be taken before a Federal District Court for a binding determination. In any proceedings in any way connected with the obligations or rights identified in this Paragraph of the Agreement, each party shall bear their own costs and attorney's fees.

### B. Full Release

For and in consideration of the covenants contained herein, and in consideration of the total payment described in Section C below, Plaintiff and his successors, assigns, heirs, agents,

2

attorneys, and any other person claiming by or through any of the foregoing persons or otherwise purporting to represent Plaintiff, hereby release, acquit and forever discharge Office Depot, its agents, employees, contractors, independent contractors, consultants, experts, heirs, executors, officers, successors-in-interest, shareholders, directors, attorneys, insurers, indemnitors, predecessors, assignees, insurers, franchisors, successors, predecessors, subsidiaries, parents, divisions, affiliates, partners, managers, members, and/or administrators, of and from any and all past, present, and future rights, actions, causes of actions, claims, allegations, demands, damages, costs, expenses, attorney fees (alleged or incurred), penalties, liens, and liabilities relating in any way to the Premises, including but not limited to, those specifically alleged by Plaintiff in the Lawsuit.

Example of claims released by this Section include physical or mental injury, pain and suffering, prejudgment interest, compensatory damages, penalties, interest, punitive and exemplary damages, insurance and/or reinsurance coverage, benefits, premiums, or medical expenses for treatment Plaintiff may have received, or may receive in the future; this list is not exhaustive.

However, excluded from this Agreement are claims that cannot be waived by law.

### C.    Payment of Costs and Attorneys' Fees

Office Depot shall cause to be paid to Plaintiff's counsel, Fuller, Fuller & Associates, P.A. an amount in complete satisfaction of Plaintiff's claims for statutory attorneys' fees, litigation expenses and expert fees, and costs Plaintiff would otherwise seek and might be awarded by the Court in this matter, and any fees, expenses or costs incurred in the future in connection with finalizing this Agreement, including obtaining Court approval of this Agreement and dismissal of the Lawsuit. The amount to be paid shall be determined by agreement of

3

counsel for the Parties but if no agreement is reached, then the amount will be determined by the Court ("Settlement Payment"). The Settlement Payment shall be paid to Plaintiff's counsel in the form of a check, payable to "Fuller, Fuller & Associates, P.A." and conditioned upon an executed IRS Form W-9 from Fuller, Fuller & Associates, P.A., being provided to Office Depot prior to payment. Payment shall be delivered to Plaintiff's counsel within ten (10) business days of the date the Court enters an Order approving this Settlement Agreement and dismissing the Lawsuit, with prejudice. The Settlement Payment compensates Plaintiff, Denise Payne for any and all claims, whether monetary and/or non-monetary, including all the claims released in Section B above, and any future claims for attorneys' fees, costs, and/or other expenses, whether known or unknown, with the exception of attorney's fees, costs or expenses incurred in any action to enforce this Agreement.

### D.     No Admission

This Agreement, and the agreement of Office Depot to make the Modifications, is not and shall not be construed as an admission by Office Depot, nor any person or entity acting on their behalf, of any liability or any act of wrongdoing.

### E.     Court Approval/Dismissal of Lawsuit

Upon the execution of this Agreement, the Parties hereby agree and will request the Court to adopt and approve the terms of this Agreement, reserve jurisdiction to enforce this Agreement, and to otherwise dismiss with prejudice all claims which were or could have been brought in the Lawsuit. This Agreement shall become effective only when approved by the Court and when the Lawsuit is otherwise dismissed with prejudice.

### F.     Successors & Assigns

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their respective predecessors, successors and/or assigns.

### G. Tax Liability

Plaintiff takes complete responsibility for any tax liability from the receipt of any settlement monies under this Agreement. Neither Office Depot nor its counsel has made any representation to Plaintiff with respect to the tax consequences of entering into this Agreement.

DATED: 11/15/15

_____
Denise Payne

DATED: 11/9/2015

_____
By: Office Depot Incorporated